Jesse Frank OGLESBY(#D-49084)
(Name)

P.O. Box 4430/ A2-101Low
(Address)

Lancaster, CA. 93539-4430
(City, State, Zip)

_____
(CDC Inmate No.)

| 2254 | 1983 | ✓ |
|---|---|---|
| **FILING FEE PAID** | | |
| Yes | No | ✓ |
| **IFP MOTION FILED** | | |
| Yes ✓ | No | |
| **COPIES SENT TO** | | |
| Court ✓ | ProSe | |

**FILED**

DEC 27 2011

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# United States District Court
## Southern District of California

Jesse Frank OGLESBY_____,    )
(Enter full name of plaintiff in this action.)    )
    )  '11 CV 3026 DMS MDD
v.                    Plaintiff,    )
LeLand McEwen, Warden; L.D. Zamora;    )    Civil Case No._____
Charles D. Crow; C. Foray; Doctor Estock;    )    (To be supplied by Court Clerk)
Ortiz(RN); P. Perez(LVN); M.E.Banaga-    )
Bugarin (AGPA); P. Finder; T.Belavich;    )
Does One thru Ten,_____,    )    **Complaint under the**
_____,    )    **Civil Rights Act**
_____,    )    **42 U.S.C. § 1983**
_____,    )
(Enter full name of each defendant in this action.)    )
                    Defendant(s).    )
_____    )

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983.  If you wish to assert jurisdiction under different or additional authority, list them below. _____

## B. Parties

1. Plaintiff:  This complaint alleges that the civil rights of Plaintiff, Jesse Frank Oglesby
                    (print Plaintiff's name)
_____, who presently resides at Lancaster State Prison
                    (mailing address or place of confinement)
_____, were violated by the actions
of the below named individuals.  The actions were directed against Plaintiff at Calipatria
State Prison_____ on (dates) 10·l·t0 , _____, and _____:
    (institution/place where violation occurred)        (Count 1)        (Count 2)        (Count 3)

§ 1983 SD Form
(Rev. 2/05)

2. Defendants: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant LeLand McEwen _____ resides in Calipatria _____,
                (name)                                    (County of residence)
and is employed as a   Warden   _____. This defendant is sued in
                (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: As the WARDEN, _____

_____

_____

Defendant P.Finder _____ resides in ~~Calipatria~~ Lancaster,
                (name)                                    (County of residence)
and is employed as a Chief Medical Excutive _____. This defendant is sued in
                (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: as Chief Medical Excutive for CDCR _____

_____

_____

Defendant Charles D.Crow _____ resides in Calipatria _____,
                (name)                                    (County of residence)
and is employed as a Chief Officer _____. This defendant is sued in
                (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: as Chief Officer for CDCR _____

_____

_____

Defendant ~~L. Gray~~ C. Gray _____ resides in Calipatria _____,
                (name)                                    (County of residence)
and is employed as a Senior Registereg Nurse _____. This defendant is sued in
                (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: as Senior Register Nurse _____

_____

_____

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant P. Perez Vocational Nurse resides in __Calipatria_____,
                    (name)                              (County of residence)
and is employed as a __License Vocational Nurse__. This defendant is sued in
                          (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: __as License Vocational Nurse at Calipatera for CDCR__

_____

_____

Defendant L. D. Zamora_____ resides in __Calipatria_____,
                    (name)                              (County of residence)
and is employed as a __Chief_____. This defendant is sued in
                          (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: __as Chief for California Correctional Health Care Ser-__

vices_____

_____

Defendant DOES ONE THUR TEN_____ resides in __Calipatria_____,
                    (name)                              (County of residence)
and is employed as a __UNKNOWN_____. This defendant is sued in
                          (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: __as Employee's for CDCR_____

_____

_____

Defendant __Ortiz_____ resides in __Calipatria_____,
                    (name)                              (County of residence)
and is employed as a __Registereg Nurse_____. This defendant is sued in
                          (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: __as Register Nurse at Calipatera for CDCR__

_____

_____

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant <u>M.E. Banaga-Bugarin</u>   resides in  <u>Calipatera</u>  ,
    (name)                                                        (County of residence)
and is employed as a <u>Health Care Appeals Coordinator</u>This defendant is sued in
                              (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: <u>as Health Care Appeals Coordinator for CDCR</u>

_____

_____

Defendant <u>T. Belavich, Ph.D.</u>   resides in <u>CSP-LAC</u> **Lancaster State Prison**
    (name)                                                        (County of residence)
and is employed as a <u>Chief Executive Medical Officer</u>This defendant is sued in
                              (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: <u>as Chief Executive Medical Officer, Health Care for</u>

<u>CDCR at CSP-LAC Lancaster State Prison</u>

_____

Defendant _____ resides in _____,
    (name)                                                        (County of residence)
and is employed as a _____. This defendant is sued in
                              (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: _____

_____

_____

Defendant _____ resides in _____,
    (name)                                                        (County of residence)
and is employed as a _____. This defendant is sued in
                              (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: _____

_____

_____

§ 1983 SD Form
(Rev. 2/05)                              2

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: Right to adequate Medical Care.
(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

On or about October 1, 2010 Calipatria State Prison doing the appeal process to obtain adequate Medical Care Warden LeLand McEwen, Chief Medical Excutive P.Finder, Chief Officer Charles D.Crow , SRN1IIC. Gray, Doctor ESTOCK, RN Ortiz, LVN P.Perez, Chief L.D.Zamora, M.E. Banaga-Bugarin AGPA, And DOES 1-10 Individuslly and/or together intentionally willfully wantonly, and recklessly denied me of my Constitution right to Adequate Medical Care when they gave me SEIZURE MEDICATION WHICH CAUSE ME TO OVERDOSE and as result, It has cause me to SHAKE UNCONTROLLABLY, LOST OF SPEECH, SEVERE HEADACHE, LOST OF THOUGHTS, DIZZINESS, TREMORS, PLUS HOSPITALIZE AT PIONER MERCY HOSPITAL, WHICH has left me ) PERMANETLY DEPENDED ON SEIZURE MEDICATION.

SEE EXHIBIT 1-30

## D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes x☐x x☐xo.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: ___**N/A**_____

Defendants: ___**N/A**_____

(b) Name of the court and docket number: ___**N/A**_____

_____

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] __**N/A**_____

_____

(d) Issues raised: _____**N/A**_____

_____

_____

_____

_____

(e) Approximate date case was filed: _____**N/A**_____.

(f) Approximate date of disposition: _____**N/A**_____.

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.   If your answer is "No", briefly explain why administrative relief was not sought.

**Through the 602 Health Care Appeal Form it was  Partially GrAnted**

**at the first level through the second level and then Denied atthe**

**Director's Level.** _____

_____

_____

_____

_____

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

       1. An injunction preventing defendant(s): _____ **Providing me with**
**adequate medical care.** _____

_____

_____

       2. Damages in the sum of $ **Un  unspecified** .

       3. Punitive damages in the sum of $ **UNSPECIFIED** .

       4. Other:_____

_____

**F. Demand for Jury Trial**

    Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

**G.  Consent to Magistrate Judge Jurisdiction**

    In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge.  The parties are free to withhold consent without adverse substantive consequences.

    The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases.  Consent to a magistrate judge will likely result in an earlier trial date.  If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

    You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☒  Plaintiff consents to magistrate     **OR**     ☐  Plaintiff requests that a district judge
    judge jurisdiction as set forth                 be designated to decide dispositive
    above.                                matters and trial in this case.

**Dec. 20, 2011** _____           _MR. JESSE F. OGLESBY_____
Date                         Signature of Plaintiff

MR. JESSE F. OGLESBY
_____

               *Petitioner*

WARDEN LeLAND MCEWEN, P. FINBER
CHARLES D. CROWE C. GRAY, DOCTOR ESTOCK
RN ORTIZ, LVN P. PEREZ, D. ZAMORA, M.E. BANAGA-BEU
BUGARIN, DOES 1-10 *Respondent(s)* T. Belavich

**DECLARATION IN SUPPORT**
**OF REQUEST**
**TO PROCEED**
**IN FORMA PAUPERIS**

I, JES JESSE F. OGLESBY, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed? ☐ Yes    ☒ No

   a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. _____

   _____

   b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. **October 2010 was paid nothing**

2. Have you received, within the past twelve months, any money from any of the following sources?

   a. Business, profession or form of self-employment?    ☐ Yes   ☒ No
   b. Rent payments, interest or dividends?    ☐ Yes   ☒ No
   c. Pensions, annuities or life insurance payments?    ☐ Yes   ☒ No
   d. Gifts or inheritances?    ☐ Yes   ☒ No
   e. Any other sources?    ☐ Yes   ☒ No

   If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months: _____

   _____

   _____

3. Do you own any cash, or do you have money in a checking or savings account? *(Include any funds in prison accounts)*

   ☐ Yes   ☒ No

   If the answer is yes, state the total value of the items owned: _____

   _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property? *(Excluding ordinary household furnishings and clothing)* ☐ Yes ☒ No

If the answer is yes, describe the property and state its approximate value: _____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: _____

_____

_____

I, declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on <u>Dec.20,2011</u>          *MR. JESSE F. OGLESBY* _____
          *Date*                  *Signature of Petitioner*

## CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $_____ on account to his credit at the _____ institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said institution: _____

_____

_____

_____          _____
   *Date*             *Authorized Officer of Institution/Title of Officer*

EXHIBIT A

STATE OF CALIFORNIA
PRISON HEALTH CARE SERVICES

J. Clark Kelso, Receiver

---

**Date:**    October 31, 2011

**To:**    OGELSBY, JESSIE (D49084)
California State Prison – LA County
P.O. Box 4670
Lancaster, CA  93539-4670

**From:**    California Prison Health Care Services
Office of Third Level Appeals – Health Care
P.O. Box 4038
Sacramento, CA 95812-4038

**Tracking/Log #:** LAC SC 11000020    **Institution Tracking/Log #:** CAL-22-10-10874

This appeal was reviewed on behalf of the Director, Policy and Risk Management Services, by staff under the supervision of the Chief, Office of Third Level Appeals-Health Care.  All submitted information has been considered.

**DIRECTOR'S LEVEL DECISION:**
Appeal is denied.

**INMATE'S ISSUE:**
You indicate that on September 23, 2010, during the morning medication line, the Licensed Vocational Nurse (LVN) L. Perez dispensed to you the wrong medication and gave your medication to another inmate. You assert that you were later summoned to the clinic to have your vitals taken and then released to your unit by the Registered Nurse. You contend that now, due to the overdose of medication, you have been left with irrevocable damage to your health and such pain that you have been diagnosed with a seizure disorder.

You requested a full investigation; formal apology; compensation for the harm that was done; and a copy of your medical file.

**INSTITUTION'S DECISION:**
The institution partially granted your appeal indicating your appeal was processed as a staff complaint wherein a Confidential Inquiry was completed.  The reviewer noted the inquiry was completed and concluded that staff did violate CDCR policy.

**BASIS FOR DIRECTOR'S LEVEL DECISION:**
Your appeal was deemed a staff complaint by the institution's hiring authority.  The Director's Level Examiner reviewed the Confidential Inquiry, supportive documents and your appeal documents. Complaints against staff are taken seriously and all efforts are made to ensure these matters are thoroughly researched and responded to in accordance with governing laws, rules and policies.  Any report generated or action taken regarding a staff complaint is confidential.  As such, no matters related to staff shall be shared with other staff, inmates or the public.

Your complaint was referred for an Appeal Inquiry.  The supervisor's inquiry into the matter concluded that staff did violate CDCR policy and appropriate corrective action will be taken.  Although you have the

---

J. OGELSBY, D49084
LAC SC 11000020
Page 2 of 2

right to submit an appeal as a staff complaint, any attempt to direct an inquiry or request for specific sanctions concerning staff exceeds the scope of the appeals process.

Your request for compensation exceeds the scope of the appeals process. If dissatisfied concerning your request, you may contact the California Victims Compensation and Government Claims Unit, P.O. Box 3035, Sacramento, CA 94812-3035.

After this review, there is no compelling evidence that warrants intervention at the DLR as your staff complaint was processed in accordance with CDCR policy and the California Code of Regulations, Title 15.

**RULES AND REGULATIONS:**
The rules governing these issues are: California Code of Regulations, Title 15; Inmate Medical Services Program Policies and Procedures (2011); and the Department Operations Manual.

**ORDER:**
No changes or modifications are required by the institution.

This decision exhausts your available administrative remedy within the California Department of Corrections and Rehabilitation.

L. D. Zamora, Chief
California Prison Health Care Services
Office of Third Level Appeals - Health Care

cc:    Chief Executive Officer LAC
       Health Care Appeals Coordinator, LAC
       Health Care Appeals Coordinator, CAL

tl

2

# CALIFORNIA STATE PRISON, LOS ANGELES COUNTY

## INMATE APPEAL RESPONSE

RE: Appeal Log #

LAC-25-10-14121
Second Level Response

**OGELSBY    D49084**

*c/o A.Williams - A2 3/W*

*I/M Ogelsby received this document on 4-20-11*

**APPEAL DECISION:**    **DENIED**

**APPEAL ISSUE:**    **MEDICAL**

At the **First** level of your appeal you state that because sustained an overdose while you were a prisoner at Calipatria State Prison that you were given a wrongful diagnosis of seizure disorder and that you that you want the seizure Chrono removed from your medical record and the medications that were ordered for seizures stopped.  In addition, you want to be fully compensated for the irrevocable harm that has been caused to your life.

At the **Second** Level of your appeal you state that you are dissatisfied since your requests have not all been met and you brought up new issues that you are being treated with deliberate indifference and that your eighth amendment rights are being violated.

### Action Requested:

1. Want seizure Chrono removed from your medical record
2. Want medications ordered for your seizures stopped
3. Want to be fully compensation for irrevocable harm that has been caused to you
4. Do not want to be treated with deliberate indifference
5. Have concerns that your eighth amendment rights are being violated

### Appeal Response:

On March 16, 2011, P. Finander, M.D., Chief Medical Executive reviewed your CDCR 602-HC and all submitted documentation per policy and procedure.   Removal of documentation from or altering of medical records is both illegal and unethical so the request to remove the seizure Chrono from your chart is denied as is the request to stop the medications that have been ordered for your seizure disorder.
Your request for financial compensation is outside the scope of the appeals process.
Your request for stopping mediation that has been ordered for your seizure disorder is denied as a physician has evaluated you and the physician determined that your request is not medically appropriate.  This decision is based on the criteria set forth in CCR Title 15, Section 3350 (a)(b)(1)(4)(5), which states that the medical department shall only provide medical services for inmates based on medical necessity as well as  medical appropriateness and which are supported by outcome data as effective medical care.

It is inappropriate for an inmate-patient to recommend a specific treatment plan and then expect a CDCR Medical Provider to implement the requested treatment plan. Medical treatment is determined by a Medical Provider based on their evaluation, diagnosis and CDCR policy. CSP-LAC and the CDCR utilize InterQual Care criteria to evaluate the necessity of healthcare services. InterQual criteria are internationally recognized guidelines that support the delivery of quality health care as well as reviewer consistency. In addition to InterQual criteria, review of the English language, peer reviewed, evidence based medical literature may be utilized in the decision making process. Utilization management decisions are based on the appropriateness of healthcare services.

You have now added new issues, items, medications, procedures, or referrals at the Second Level of Appeal which were not requested at the First Level of Appeal. These additional requested items will not be addressed on this appeal as you have not attempted to resolve this issue at the informal level per the criteria set forth in CCR Title 15, Section 3084.3(c) 4. You need to present these issues on a separate CDC 602-HC form to allow institutional staff the opportunity to respond and possibly resolve this issue at a lower level.

**Appeal Decision:**

Based on all available information and the requested action, this appeal is **DENIED** at the Second Level of Review in that:

Denied:

- Seizure Chrono not removed from your medical record
- Medications ordered for seizure disorder were not stopped
- Financial compensation
- New issues brought up at Second Level Appeal

If dissatisfied, submit additional information or reasons for requesting a Director's Level of Review and mail to the Third Level within 15 days of receipt of this response.

_P. Finander MD, MBA CCHP_     3/16/2011
**P. FINANDER, M.D., M.B.A, CCHP**    Date
Chief Medical Executive
California State Prison - Los Angeles County

_T. Belavich PhD_     3/18/11
**T. BELAVICH, PH.D., MSHCA, CCHP**    Date
Chief Executive Officer, Health Care
California State Prison - Los Angeles County

INMATE COPY

STATE OF CALIFORNIA
**INMATE/PAROLEE HEALTH CARE**
**APPEAL FORM**
CDCR 602-HC (08/08)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CALIFORNIA PRISON HEALTH CARE SERVICES

Side 1

Location: Institution/Parole Region:
1. _iac 35_    1. _10-14121_    Category: _8/MD_
2. _____    2. _____              _CME_

You may appeal any policy, action or decision which has a significant adverse affect upon you. This form shall be used when the policy, action or decision being appealed involves health care services (medical, dental, or mental health). You must first informally seek relief through discussion with the appropriate staff member or by utilizing the health care service processes at your institution. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Health Care Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Oglesby | D-49084 | A1A-A2 | FAB2. 102L |

A. Describe Problem: I was place in the hospital on 10.24.10 for in overdose that was given to me by an LVN at Calip etria State Prison. Then I have been wrongfully diagnose or have been irrevocably harm due to the over dose. I was seen by The MD on 12.1.10 at which time I ask to be remove from the care of the Doctor for seizure since my seizure or diagnose came from the overdose on 10.24.10.

If you need more space, attach one additional sheet.

B. Action Requested: That I be remove from the Medication and that the Diagnosis which has been place in my Medical file be remove and that I be fully Compensate for the irrevocably Harm that has been cause to my Life.

Inmate/Parolee Signature: _Russ T. Oglesby_    Date Submitted: _12.6.10_

C. INFORMAL LEVEL (Date Received _____):
Staff Response:

**BYPASS**

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL:
If you are dissatisfied, explain below, attach supporting documents (Health Care Services Request Form, CDC 7362, Comprehensive Accommodation Chrono, CDC 7410, Trust Account Statement, etc.) and submit for processing to the Health Care Appeals Coordinator at your location within 15 days of receipt of response.

**BYPASS**

Inmate/Parolee Signature : _____    Date Submitted: _____

DEC 15 2010    FEB 16 2011

CDCR Appeal Number

STATE OF CALIFORNIA
**INMATE/PAROLEE HEALTH CARE**
APPEAL FORM
CDCR 602-HC (08/08)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CALIFORNIA PRISON HEALTH CARE SERVICES

Side 2

---

**FIRST LEVEL:** ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

**E. REVIEWER'S ACTION (Complete within 30 working days):** Date assigned: 12/15/10    Due Date: 1/27/11

Interviewed by: _Miriam Ha, PA-C_

_Removal of Seizure Diagnosis - Denied_
_Compensation - Denied / Beyond scope of appeals process_
_Discontinuation of Medication - Denied_

UHR review and Medical Provider visit has determined that the requested services or procedures are approved OR not medically necessary or appropriate since they do not meet CDCR policy, InterQual criteria, are not medically necessary based on peer reviewed medical literature or are not covered under Title 15. Therefore, the following are:

____, PA-C    Title: PA-C    Date Completed: 12/30/10
Signature: _____    Title: _____ MD    Date Returned to inmate: 1/4/11
Physician Assistant

---

**F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit for processing to the Health Care Appeals Coordinator at your location within 15 days of receipt of response:**
To continue to violate my medical needs prevents me from receiving the full medical care, From the Medical Physician. Which continue a clear **Deliberate Indifference to my Health** Which maintains a Irrevocable Harm to my Health by following the **Wrong** ~~the~~ **Diagnosis.** An their by Violate my right to treatment. Since 9-24-10 I've been treated and misdiagonse and have been continue place at **Risk.** Violate my Eigth Amendment

Inmate/Parolee Signature: **JESSE F. OGLESBY** _Jesse F Oglesby_    Date Submitted: **JAN. 26, 2011**

---

**SECOND LEVEL:** ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

**G. REVIEWER'S ACTION (Complete within 20 working days):** Date assigned: 3/9/11    Due Date: 3/31/11

☒ See Attached Letter
Signature: _P Finander MD Chief Medical Execut_  Date Completed: _____
Health Care Services
Hiring Authority Signature: _____    Title: CEO    Date Returned to inmate: _____

---

**H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response:**
I would like to know which physician determined my seizure disorder and what Physician place the diagnosis in my file. By Chief Medical Executive it would be illegal and unethical to place the wrong information inside my Medical file.

Inmate/Parolee Signature: _Mr. Jesse F. Oglesby_    Date Submitted: 4-21-11

---

For the Director's Review of Health Care issues, submit all documents to:    Office of Third Level Appeals – Health Care
P O Box 4038
Sacramento, CA 95812-4038

**DIRECTOR'S ACTION:** ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

# CHRONIC CARE FOLLOW-UP VISIT

List chronic diseases: (1) Asthma ; (2) S2 D/O (2°OD) (3) HTN
☐ Continuation progress note attached

HISTORY: (4) Dyslipidemia (last activity 9/9/2010) PC-Pedro

o Pharmacy profile attached (or list current medications here) MAR reviewed

**RN/MTA Signature**

**Complaints/Problems:**
CV / Hypertension: Chest Pain: Yes ☐ No ☒ SOB: Yes ☐ No ☒
Diabetes Mellitus: # of hypoglycemic reactions since last visit: ___
Seizure Disorder: # seizures since last visit: ___

**Asthma:**
# attacks since last visit: ___
# short acting beta agonist canisters in last month: ___
# visits to TTA for asthma since last visit: ___
# times awakening with asthma symptoms per week: 2

**All CCP Conditions:** other new symptoms: Yes ☐ No ☒ (If YES, please explain) ___

Additional History ___

**CCP compliance with medications:** yes ☒ no ☐ diet: yes ☒ no ☐ exercise: yes ☐ no ☐
If no, describe: NAD

**EXAM: HEENT:** PERRL, NC/AT
**Neck:** Supple
**Lungs:** CTA B
**Heart:** RRR
**Abdomen:** Soft / NT/ND B(+)

Extremities/Pulses/Skin Changes:
Neuro: grossly intact
Rectal/Other (specify):

**ASSESSMENT:**

| Comments on BP, Glucose Monitoring, Lab Values | | | | | | |
|---|---|---|---|---|---|---|
| 97 | 58 | 18 | 131 | 97 | 230 | |

| | Degree of Control | | | | Clinical Trend | | |
|---|---|---|---|---|---|---|---|
| | G | F | P | NA | I | S | W | NA |

1. Asthma
2. S2 D/O
3. 

**PLAN:** Carbamazepine 200 mg PO TID
**Medications:** HTN — Lisinopril 20 mg PO QDay
ASA 81 mg PO QDay
**Lab/Diagnostics:** 
**Other:**

**Monitoring:** ☐ BP: ___ X week/month ☐ Glucose: ___ X day/week/month ☐ Other:
**Education Provided:** ☒ Nutrition ☒ Exercise ☐ Smoking ☒ Test Results ☒ Medication Management ☐ Other:
**Referral:** ☐ Specialist (specify) ☐ High Priority ☐ Other Chronic Care Program (specify):
**# days to next visit:** ☒ 30 ☐ 60 ☐ 90 ☐ 180 ☐ Other: ☐ Discharge from CCP (specify disease):

Primary Care Provider Signature ___ M. HA, PA-C Physician Assistant Date 12/30/10

OUTPATIENT INTERDISCIPLINARY PROGRESS NOTES

OGlesby Jessie
D-49084
A2-102

Calipatria State Prison
Health Care Services
Medical Appeals
P.O. Box 5001
7018 Blair Road
Calipatria, CA 92233-5001

GENERATED FROM
CALIPATRIA STATE PRISON



UNITED STATES POSTAGE
$ 00.61°
PITNEY BOWES

02 1A
000 4627869    APR 08 2011
MAILED FROM ZIP CODE 92233

CSP - Los Angeles Co (LAC)
44750 60th Street West
Lancaster, CA 93536 - 7620

STATE OF CALIFORNIA
**INMATE/PAROLEE HEALTH CARE**
**APPEAL FORM**
CDCR 602-HC (08/08)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CALIFORNIA PRISON HEALTH CARE SERVICES

Side 1

Location: Institution/Parole Region:    Log #:    Category:
1. _CMC_    1. _2210-10874_    _Medical #1_
2. _____    2. _____

OCT 04

You may appeal any policy, action or decision which has a significant adverse affect upon you. This form shall be used when the policy, action or decision being appealed involves health care services (medical, dental, or mental health). You must first informally seek relief through discussion with the appropriate staff member or by utilizing the health care service processes at your institution. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Health Care Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| OGLESBY, JESSE | D-49084 | A-YARD CREW 2 | FA1.101L |

**A. Describe Problem** On Sep.23,2010 I was in line for my morning MEDS, As I step up to to receive my MEDS I was issue the wrong medication by the LVN at the window who gave me the wrong MEDS. She had issue me someone else MEDS I was later call to the A YARD CLINIC to have my vitals read which at that time her SUPERVISOR the attending RN, sent me back to my cell. Now do to the OVERDOSE of the medication I've been left with IRREVOCABLE DAMGE to my health this was after the discover of the OVERDOSE and now that the MEDICAL MALPRACTICE has left me with such pain that I was DIAGNOSE with seizure.

If you need more space, attach one additional sheet.

**B. Action Requested:** That a full investigation be done and that I be giving a formal APOLOGY and that I be COMPENSATE for the IRREVOCABLE HARM THAT HAS BEEN DONE to my body that I will have to live with for the rest of my LIFE now that I will have to take MEDICATION for SEIZURE for which I never had before the OVER- DOSE of Wrong Medication that was meant for someone else. Plus a copy of medical file.

Inmate/Parolee Signature JESSE F. OGLESBY D-49084    Date Submitted: OCT.1,2010

**C. INFORMAL LEVEL (Date Received _____):**
Staff Response: _____

_BYPASS_

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL:**
If you are dissatisfied, explain below, attach supporting documents (Health Care Service Request Form, CDC 7362, Comprehensive Accommodation Chrono, CDC 7410, Trust Account Statement, etc.) and submit for processing to the Health Care Appeals Coordinator at your location within 15 days of receipt of response.

_BYPASS_

Inmate/Parolee Signature : _____    Date Submitted: _____

RECEIVED OCT -5 2010 HC APPEALS

COMPLETED 2010 APPEALS

RECEIVED 9 HC APPEALS

COMPLETED APR 6 2011 HC APPEALS

**CDCR Appeal Number**

10874

STATE OF CALIFORNIA
**INMATE/PAROLEE HEALTH CARE**
**APPEAL FORM**
CDCR 602-HC (08/08)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CALIFORNIA PRISON HEALTH CARE SERVICES

Side 2

---

**FIRST LEVEL:**  ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____

**E. REVIEWER'S ACTION (Complete within 30 working days):** Date assigned: *10/5/10*    Due Date: *11-17-10*

Interviewed by: _____

*See Attached*

Staff Signature: _____    Title: *SRN II*    Date Completed: *11/23/10*

Division Head Approval Signature: *Charles D Crow*    Title: *CEO Healthcare*    Date Returned to Inmate: *10/13/2010*

---

**F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit for processing to the Health Care Appeals Coordinator at your location within 15 days of receipt of response.**

I receive CDCR-602-HR #CAL-22-10-10874 dated Dec.2,2010 on Jan.25,2011 602 back, Its very clear that there is still many unanswer question nor have they given me the proper medical care as they have been treating me from the wrong Diagnosis. The issue that I've raise have has yet to be fully adress nor have they been corrected by the (CDCR) which has continue

Inmate/Parolee Signature : MR. JESSE F. OGLESBY    Date Submitted : Jan. 26, 2011

---

**SECOND LEVEL:**  ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____

**G. REVIEWER'S ACTION (Complete within 20 working days):** Date assigned: *2/9/11*    Due Date: *3/23/11*

☐ See Attached Letter

Signature: *M. G. Buncom*    Date Completed: *4/1/11*

Health Care Services Hiring Authority Signature: *Buncom for CD Crow CEO*    Title: *CHS II*    Date Returned to Inmate: *4/6/11*

---

**H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response:**

I have not been seen by a Neurologist since my return from the hospital, To confirm whether or not I have seizure or what long term effects, Since this has yet to be answer. To be diagnosis with a seizure disorder when no physician has made that diagnosis

Inmate/Parolee Signature: *Mr. Jesse F Oglesby*    Date Submitted: *4-21-11*

---

For the Director's Review of Health Care issues, submit all documents to:

Office of Third Level Appeals – Health Care
P O Box 4038
Sacramento, CA 95812-4038

**DIRECTOR'S ACTION:**  ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____
☒ See Attached Letter

Date: _____

RECEIVED
OTLA-HC
APR 27 2011
HC APPEALS

COMPLETED
OTLA-HC
OCT 31 2011
HC APPEALS

FEB 09 2011

Continue

to Violate my Eigth Amendment.

The (CDCR) is deliberately acting in a DELIBERATE INDIFFERENCE

to my Medical needs.

By treating me as Seizure Patient and with no Proof that I have

every had a Seizure at all has continue to Violate my right

to be Protected from any wrogn Diagnosis.

State of California,                                    Department of Corrections & Rehabilitation

# Memorandum

Date    :    April 1, 2011

To      :    OGELSBY, J.   CDC# D49084
             LAC

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL #CAL-22-10-10874**

**APPEAL ISSUE:** It is the Patient/Inmate's (P/I) position that on September 23, 2010 he was in line for his morning medications at the clinic and he was given the wrong medications by the LVN at the window. The P/I states as a result of receiving the wrong medication he has been left with irrevocable damage that has left him with a diagnosis of seizures.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review, your appeal has been handled as follows:

☒  PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐  REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (OIA).

**SUMMARY FOR APPEAL INQUIRY:**

You were interviewed on November 8, 2010 by SRNII C. Gray and you made the following statement:

The P/I stated that he just wanted to find out what if any long term effects he could expect from receiving the wrong dose of medications and he wants to know why the local hospital diagnosed him with seizures and sent him back to Calipatria with seizure medications. The P/I stated he has not taken the seizure medication and thought they would ducat him to see the doctor so she could answer his questions but the doctor has not seen him despite seeing the Registered Nurse a month ago. P/I OGLESBY denied having any seizures, difficulty walking, or any difficulty with speech. P/I stated he just wanted answers and was not interested in pursuing the issue further.

**FINDINGS FOR AN APPEAL INQUIRY:**

Your appeal is PARTIALLY GRANTED at the ☐ First level ☒Second level:

☒  An inquiry into your allegation has been conducted.

☐ An investigation is being conducted by the Office of Internal Affairs

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, the details of any inquiry will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. However, you have the right to be notified if after a review of your allegations, it is determined that staff violated CDCR policy. In this case:

☐  The inquiry is not yet complete

☒  The inquiry is complete. Staff did violate CDCR policy with respect to one or more of the issues raised.

OGELSBY, J. CDC #D49084
Log #CAL-22-10-10874
Page 2 of 2

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review.

Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

CHARLES D. CROW
Chief Executive Officer
California Prison Health Care Services
Calipatria State Prison

4/1/11
Date

FEB 09 2011

State of California

Department of Corrections & Rehabilitation

# Memorandum

Date    :    December 2, 2010

To      :    OGLESBY, J.  CDC# D49084
             LAC

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL #CAL-22-10-10874**

**APPEAL ISSUE:**  It is the Patient/Inmate's (P/I) position that on September 23, 2010 he was in line for his morning medications at the clinic and he was given the wrong medications by the LVN at the window.  The P/I states as a result of receiving the wrong medication he has been left with irrevocable damage that has left him with a diagnosis of seizures.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review, your appeal has been handled as follows:

☒  PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐  REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (OIA).

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on November 8, 2010 by SRNII C. Gray and you made the following statement: The P/I stated that he just wanted to find out what if any long term effects he could expect from receiving the wrong dose of medications and he wants to know why the local hospital diagnosed him with seizures and sent him back to Calipatria with seizure medications.  The P/I stated he has not taken the seizure medication and thought they would ducat him to see the doctor so she could answer his questions but the doctor has not seen him despite seeing the Registered Nurse a month ago.  P/I OGLESBY denied having any seizures, difficulty walking, or any difficulty with speech.  P/I stated he just wanted answers and was not interested in pursuing the issue further.

**CHOOSE ONE:**

☒ A Confidential Inquiry will be conducted.  The following witness was questioned: LVN L. PEREZ. The following information was reviewed as a result of your allegations of staff misconduct: The 602-HC Appeal and copies of the UHR were requested and received from Lancaster for review.

☐ This matter has been referred to the Office of Internal Affairs for follow-up and a possible investigation.  If investigated, upon completion of that investigation you will be notified as to whether the allegations were SUSTAINED, NOT SUSTAINED, UNFOUNDED, EXONERATED or that NO FINDING was possible...  In the event that the matter is not investigated, but returned by OIA to the institution or region to conduct a Confidential Inquiry, you will be notified upon the completion of that inquiry as to whether it was determined  that staff violated, or did not violate policy.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ First level ☐Second level:

☒  An inquiry into your allegation has been conducted.

☐ An investigation is being conducted by the Office of Internal Affairs

FEB 09 2011

OGLESBY, J.    CDC# D49084
LOG# CAL-22-10-10874
PAGE 2

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, the details of
any inquiry will not be shared with staff, members of the public, or inmates. Although you have the
right to submit a staff complaint, a request for administrative action regarding staff or the
placement of documentation in a staff member's personnel file is beyond the scope of the staff
complaint process. However, you have the right to be notified if after a review of your allegations, it
is determined that staff violated CDCR policy.  In this case:

☐  The inquiry is not yet complete

☒   The inquiry is complete.   Staff did violate CDCR policy with respect to one or more of the
      issues raised.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate
appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal
through all levels of appeal review up to, and including, the Director's Level of Review. Once a
decision has been rendered at the Director's Level of Review, your administrative remedies will be
considered exhausted.

Please print and sign below:

CHARLES D.CROW                                    Date  12-13-2010
Chief Executive Officer
California Prison Health Care Services
Calipatria State Prison

## Health Care Appeals Office - California State Prison, Calipatria
## Inmate/Parolee Appeals Screening Form


Name:  JESSIE OGELSBY                    CDC : D49084        Housing: LAC

Log #:                                   Tracking #:  IA-22-2010-10997

Your appeal is being returned to you for the following reasons:

       You submitted a DUPLICATE appeal on the same issue: ORIGINAL IS BEING
       REVIEWED.

Comment:
Duplicate of CAL-22-10-10874.


NOTE: This screening action may not be appealed unless you allege that the above reason(s) is
inaccurate.  In such case, return this form and your appeal to the Health Care Appeals Office with the
necessary information.

_____                    _____
M. E. BANAGA BUGARIN, AGPA                          Date
HEALTH CARE APPEALS COORDINATOR
California State Prison, Calipatria


NOTE NOTE: Please make the changes or corrections requested and resubmit the original appeal within fifteen working days.  Once an appeal has
been cancelled that appeal may not be resubmitted.  However a separate appeal can be filed on the cancellation decision.  The original appeal
may only be resubmitted if the appeal on the cancellation decision is granted.

DEC 8 2010

**\*\*\*PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE\*\*\***

Data Source: MATS Database printed on 11/23/2010

STATE OF CALIFORNIA
**INMATE/PAROLEE HEALTH CARE
APPEAL FORM**
CDCR 602-HC (08/08)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CALIFORNIA PRISON HEALTH CARE SERVICES

**Side 1**

Location: Institution/Parole Region:   Log #:   Category:

1. _____   1. _____   _____

2. _____   2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. This form shall be used when the policy, action or decision being appealed involves health care services (medical, dental, or mental health). You must first informally seek relief through discussion with the appropriate staff member or by utilizing the health care service processes at your institution. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Health Care Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| Oglesby | D-49084 | A1A-A2 | AB2 102L |

**A. Describe Problem:** I file this on or about 10-05-10 this makes the second CDCR 602-HC which as of right now the first one has not been answer. The issue is on 10.24.10 I was given a overdose by LVN on Calipatria A-Yacat at or about 9:30am I was iin form by CO in A1 contorl that I was given the wrong Medication by the LVN and I would be needing to return to A Clinic at which time the LVN took my vitals to make sure that I was ok then she inform her supervisor of result which at that tim time she inform me to return to my housing block at which time I did. At 11:00 or 11:15am the LVN came to the block do the fact that I was not able to go in receive

If you need more space, attach one additional sheet.

**B. Action Requested:** I seek to have a formal Apology from every individual who sought to cover up the fact that I was indeed give a overdose on 10-24-10 by the LVN on duty that day. Plus to be fully compensate do to the fact that I now have to be given seizure medication for the rest of my LIFE.

Inmate/Parolee Signature: JESSE F. OGLESBY D-49084   Date Submitted: Oct. 26, 2010

**C. INFORMAL LEVEL** (Date Received _____):
Staff Response:_____

_____

Staff Signature:_____   Date Returned to Inmate:_____

**D. FORMAL LEVEL:**

If you are dissatisfied, explain below, attach supporting documents (Health Care Service Request Form, CDC 7362, Comprehensive Accommodation Chrono, CDC 7410, Trust Account Statement, etc.) and submit for processing to the Health Care Appeals Coordinator at your location within 15 days of receipt of response.

_____

Inmate/Parolee Signature:_____   Date Submitted:_____

**CDCR Appeal Number**

10997

Continue pg.1

my noon med's from the LVN.
Which then result in me being Hospitalize for five days.

RECEIVED

NOV 0 3 2010

CAL-Health Services

I am writing to give this notice that I have not heard from your Office and that I plan to continue my action.

So this is to give you full notice of my plans.

Thank You

Mr. Jesse F. Oglesby
D-49084

# CALIFORNIA STATE PRISON, LOS ANGELES COUNTY

## INMATE APPEAL RESPONSE

*c/o A.Williams - A2 3/W*
*- N/a*
*I/M Ogelsby*
*received this document*
*on 4-20-11*

**RE: Appeal Log #**        LAC-25-10-14121
                            Second Level Response

                            **OGELSBY    D49084**

**APPEAL DECISION:**        **DENIED**

**APPEAL ISSUE:**           **MEDICAL**

At the **First** level of your appeal you state that because sustained an overdose while you were a prisoner at Calipatria State Prison that you were given a wrongful diagnosis of seizure disorder and that you that you want the seizure Chrono removed from your medical record and the medications that were ordered for seizures stopped. In addition, you want to be fully compensated for the irrevocable harm that has been caused to your life.

At the **Second** Level of your appeal you state that you are dissatisfied since your requests have not all been met and you brought up new issues that you are being treated with deliberate indifference and that your eighth amendment rights are being violated.

**Action Requested:**

1. Want seizure Chrono removed from your medical record
2. Want medications ordered for your seizures stopped
3. Want to be fully compensation for irrevocable harm that has been caused to you
4. Do not want to be treated with deliberate indifference
5. Have concerns that your eighth amendment rights are being violated

**Appeal Response:**

On March 16, 2011, P. Finander, M.D., Chief Medical Executive reviewed your CDCR 602-HC and all submitted documentation per policy and procedure. Removal of documentation from or altering of medical records is both illegal and unethical so the request to remove the seizure Chrono from your chart is denied as is the request to stop the medications that have been ordered for your seizure disorder.
Your request for financial compensation is outside the scope of the appeals process.
Your request for stopping mediation that has been ordered for your seizure disorder is denied as a physician has evaluated you and the physician determined that your request is not medically appropriate. This decision is based on the criteria set forth in CCR Title 15, Section 3350 (a)(b)(1)(4)(5), which states that the medical department shall only provide medical services for inmates based on medical necessity as well as medical appropriateness and which are supported by outcome data as effective medical care.

It is inappropriate for an inmate-patient to recommend a specific treatment plan and then expect a CDCR Medical Provider to implement the requested treatment plan. Medical treatment is determined by a Medical Provider based on their evaluation, diagnosis and CDCR policy. CSP-LAC and the CDCR utilize InterQual Care criteria to evaluate the necessity of healthcare services. InterQual criteria are internationally recognized guidelines that support the delivery of quality health care as well as reviewer consistency. In addition to InterQual criteria, review of the English language, peer reviewed, evidence based medical literature may be utilized in the decision making process. Utilization management decisions are based on the appropriateness of healthcare services.

You have now added new issues, items, medications, procedures, or referrals at the Second Level of Appeal which were not requested at the First Level of Appeal. These additional requested items will not be addressed on this appeal as you have not attempted to resolve this issue at the informal level per the criteria set forth in CCR Title 15, Section 3084.3(c) 4. You need to present these issues on a separate CDC 602-HC form to allow institutional staff the opportunity to respond and possibly resolve this issue at a lower level.

**Appeal Decision:**

Based on all available information and the requested action, this appeal is **DENIED** at the Second Level of Review in that:

Denied:

- Seizure Chrono not removed from your medical record
- Medications ordered for seizure disorder were not stopped
- Financial compensation
- New issues brought up at Second Level Appeal

If dissatisfied, submit additional information or reasons for requesting a Director's Level of Review and mail to the Third Level within 15 days of receipt of this response.

_P Finander MD, MBA CCHP_                     ___3/16/2011___
**P. FINANDER, M.D., M.B.A, CCHP**            Date
Chief Medical Executive
California State Prison - Los Angeles County

_T Belavich PhD_                              ___3/18/12___
**T. BELAVICH, PH.D., MSHCA, CCHP**           Date
Chief Executive Officer, Health Care
California State Prison - Los Angeles County

STATE OF CALIFORNIA
**INMATE/PAROLEE HEALTH CARE**
**APPEAL FORM**
CDCR 602-HC (08/08)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CALIFORNIA PRISON HEALTH CARE SERVICES

RECEIVED

OCT 0 5 2010

Location: Institution/Parole Region: ___  Log #: ___  Category: Medical #1

1. _CMF_  1. _2210-10874_

2. ___  2. ___

Side 1

You may appeal any policy, action or decision which has a significant adverse affect upon you. This form shall be used when the policy, action or decision being appealed involves health care services (medical, dental, or mental health). You must first informally seek relief through discussion with the appropriate staff member or by utilizing the health care service processes at your institution. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Health Care Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| OGLESBY JESSE | D-49084 | A-YARD CREW 2 | FA1.101L |

**A. Describe Problem** On Sep. 23, 2010 I was in line for my morning MEDS, As I step up to to receive my MEDS I was issue the wrong medication by the LVN at the window who gave me the wrong MEDS. She had issue me someone else MEDS I was later call the A YARD CLINIC to have my vitals read which at that time her SUPERVISOR the attending RN, sent me back to my cell. Now do to the OVERDOSE of the medication I've been left with IRREVOCABLE DAMGE to my health this was after the discover of the OVERDOSE and now that the MEDICAL MALPRACTICE has left me with such pain that I was DIAGNOSE with seizure.

If you need more space, attach one additional sheet.

**B. Action Requested:** That a full investigation be done and that I be giving a formal APOLOGY and that I be COMPENSATE for the IRREVOCABLE HARM THAT HAS BEEN DONE to my body that I will have to live with for the rest of my LIFE now that I will have to take MEDICATION for SEIZURE for which I never had before the OVER-DOSE of Wrong Medication that was meant for someone else. Plus a copy of medical file.

Inmate/Parolee Signature JESSE F. OGLESBY D-49084    Date Submitted: OCT. 1, 2010

**C. INFORMAL LEVEL (Date Received ___ ):**

Staff Response: _____

BYPASS

Staff Signature: ___  Date Returned to Inmate: ___

**D. FORMAL LEVEL:**

If you are dissatisfied, explain below, attach supporting documents (Health Care Service Request Form, CDC 7362, Comprehensive Accommodation Chrono, CDC 7410, Trust Account Statement, etc.) and submit for processing to the Health Care Appeals Coordinator at your location within 15 days of receipt of response.

BYPASS

Inmate/Parolee Signature : ___  Date Submitted: ___

RECEIVED OCT -5 2010 HC APPEALS

COMPLETED OCT 2010 APPEALS

RECEIVED F 9 APPEALS

COMPLETED APR 06 2011 APPEALS

CDCR Appeal Number

10874

STATE OF CALIFORNIA
**INMATE/PAROLEE HEALTH CARE**
**APPEAL FORM**
CDCR 602-HC (08/08)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CALIFORNIA PRISON HEALTH CARE SERVICES

**Side 2**

---

**FIRST LEVEL:** ☐ Granted  ☑ P. Granted  ☐ Denied  ☐ Other _____

**E. REVIEWER'S ACTION (Complete within 30 working days):** Date assigned: 10/5/10    Due Date: 11-17-10

Interviewed by: _____

*See Attached*

Staff Signature: _____    Title: SRWP    Date Completed: 11/23/10
Division Head Approval
Signature: *Charles D Crow*    Title: CEO Healthcare    Date Returned to Inmate: 12/13/2010

---

**F.** If dissatisfied, explain reasons for requesting a Second-Level Review, and submit for processing to the Health Care Appeals Coordinator at your location within 15 days of receipt of response:

I receive CDCR-602-HR #CAL-22-10-10874 dated Dec.2,2010 on Jan.25,2011 602 back,Its very clear that there is still many unanswer question nor have they given me the proper medical care as they have been treating me from the wrong Diagnosis. The issue that I've raise has has yet to be fully adress nor have they been corrected by the (CDCR) which has continue

Inmate/Parolee Signature: MR.JESSE F. OGLESBY *Jesse F Oglesby* Date Submitted: Jan. 26, 2011

---

**SECOND LEVEL:** ☐ Granted  ☑ P. Granted  ☐ Denied  ☐ Other

**G. REVIEWER'S ACTION (Complete within 20 working days):** Date assigned: 3/9/11    Due Date: 3/23/11

☐ See Attached Letter
Signature: *M. G. Buncum*    Date Completed: 4/1/11
Health Care Services
Hiring Authority Signature: _____ for CD Crow    Title: CHSO    Date Returned to Inmate: 4/6/11

---

**H.** If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response:

I have not been seen by a Neurologist since my return from the hospital, to confirm whether or not I have a seizure or what long term effects. Since this has yet to be answer. To be diagnosis with a seizure disorder when no Physician has made that diagnosis.

Inmate/Parolee Signature: MR. Jesse F. Oglesby    Date Submitted: 7·21·11

---

For the Director's Review of Health Care issues, submit all documents to:    Office of Third Level Appeals – Health Care
P O Box 4038
Sacramento, CA 95812-4038

**DIRECTOR'S ACTION:** ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter

Date: _____

RECEIVED
OTLA-HC
AUG 25 2011
HC APPEALS

FEB 09 2011

Continue

to Violate my Eigth Amendment.

The (CDCR) is deliberately acting in a DELIBERATE INDIFFERENCE to my Medical needs.

By treating me as Seizure Patient and with no Proof that I have every had a Seizure at all has continue to Violate my right to be Protected from any wrogn Diagnosis.

FEB 09 2011

State of California

Department of Corrections & Rehabilitation

# Memorandum

Date    :    December 2, 2010

To      :    OGLESBY, J.   CDC# D49084
             LAC

Subject :    **STAFF COMPLAINT RESPONSE - APPEAL #CAL-22-10-10874**

**APPEAL ISSUE:** It is the Patient/Inmate's (P/I) position that on September 23, 2010 he was in line for his morning medications at the clinic and he was given the wrong medications by the LVN at the window. The P/I states as a result of receiving the wrong medication he has been left with irrevocable damage that has left him with a diagnosis of seizures.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review, your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (OIA).

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on November 8, 2010 by SRNII C. Gray and you made the following statement: The P/I stated that he just wanted to find out what if any long term effects he could expect from receiving the wrong dose of medications and he wants to know why the local hospital diagnosed him with seizures and sent him back to Calipatria with seizure medications. The P/I stated he has not taken the seizure medication and thought they would ducat him to see the doctor so she could answer his questions but the doctor has not seen him despite seeing the Registered Nurse a month ago. P/I OGLESBY denied having any seizures, difficulty walking, or any difficulty with speech. P/I stated he just wanted answers and was not interested in pursuing the issue further.

**CHOOSE ONE:**

☒ A Confidential Inquiry will be conducted. The following witness was questioned: LVN L. PEREZ. The following information was reviewed as a result of your allegations of staff misconduct: The 602-HC Appeal and copies of the UHR were requested and received from Lancaster for review.

☐ This matter has been referred to the Office of Internal Affairs for follow-up and a possible investigation. If investigated, upon completion of that investigation you will be notified as to whether the allegations were SUSTAINED, NOT SUSTAINED, UNFOUNDED, EXONERATED or that NO FINDING was possible... In the event that the matter is not investigated, but returned by OIA to the institution or region to conduct a Confidential Inquiry, you will be notified upon the completion of that inquiry as to whether it was determined that staff violated, or did not violate policy.

**FINDINGS FOR AN APPEAL INQUIRY:**

Your appeal is PARTIALLY GRANTED at the ☒ First level ☐Second level:

☒ An inquiry into your allegation has been conducted.

☐ An investigation is being conducted by the Office of Internal Affairs

FEB 09 2011

OGLESBY, J.  CDC# D49084
LOG# CAL-22-10-10874
PAGE 2

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, the details of any inquiry will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. However, you have the right to be notified if after a review of your allegations, it is determined that staff violated CDCR policy.  In this case:

☐ The inquiry is not yet complete

☒  The inquiry is complete.  Staff did violate CDCR policy with respect to one or more of the issues raised.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

CHARLES D.CROW
Chief Executive Officer
California Prison Health Care Services
Calipatria State Prison

Date  12-13-2010

State of California

Department of Corrections & Rehabilitation

# Memorandum

Date    :    April 1, 2011

To      :    OGELSBY, J.   CDC# D49084
             LAC

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL #CAL-22-10-10874**

**APPEAL ISSUE:** It is the Patient/Inmate's (P/I) position that on September 23, 2010 he was in line for his morning medications at the clinic and he was given the wrong medications by the LVN at the window. The P/I states as a result of receiving the wrong medication he has been left with irrevocable damage that has left him with a diagnosis of seizures.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review, your appeal has been handled as follows:

☒   PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐   REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (OIA).

**SUMMARY FOR APPEAL INQUIRY:**

You were interviewed on November 8, 2010 by SRNII C. Gray and you made the following statement:

The P/I stated that he just wanted to find out what if any long term effects he could expect from receiving the wrong dose of medications and he wants to know why the local hospital diagnosed him with seizures and sent him back to Calipatria with seizure medications. The P/I stated he has not taken the seizure medication and thought they would ducat him to see the doctor so she could answer his questions but the doctor has not seen him despite seeing the Registered Nurse a month ago. P/I OGLESBY denied having any seizures, difficulty walking, or any difficulty with speech. P/I stated he just wanted answers and was not interested in pursuing the issue further.

**FINDINGS FOR AN APPEAL INQUIRY:**

Your appeal is PARTIALLY GRANTED at the ☐ First level ☒ Second level:

☒  An inquiry into your allegation has been conducted.

☐  An investigation is being conducted by the Office of Internal Affairs

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, the details of any inquiry will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. However, you have the right to be notified if after a review of your allegations, it is determined that staff violated CDCR policy. In this case:

☐  The inquiry is not yet complete

☒  The inquiry is complete. Staff did violate CDCR policy with respect to one or more of the issues raised.

**Government Claims Program Information and Claim Form**

California Victim Compensation and Government Claims Board
P.O. Box 3035
Sacramento, CA 95812-3035

1-800-955-0045 - www.governmentclaims.ca.gov



# Information and Claim Form

**Note: New statute requires $25 filing fee!**

**What kind of claims can be filed?** Claims can be filed for losses you believe were caused by the action, or inaction, of any state agency. Claims may include:

- Damage to real or personal property
- Reimbursement for state employee property loss, benefits, salary, or travel expenses
- Refund of a tax, fee, or penalty
- Contract disputes

Claims for damages caused by a local government agency must be filed directly with the local agency that is involved. Do not file your claim with the state. If your claim is with an institution in the University of California (UC) system, contact the UC Regents directly. Call the Government Claims Program at 1-800-955-0045 to find out more.

**Who can file a claim?**

Anyone who believes a state agency caused him or her to suffer monetary loss can file a claim.

**What are the time limits for filing a claim?**

Claims relating to the death or injury of a person, or damage to personal property or growing crops, must be filed no later than six months after the date of the incident. Other claims must be filed no later than one year after the date of the incident. You can request permission to file a late claim. Some claims have no filing deadline. You may want to consult an attorney if you are not sure how the time limits apply to your claim.

**Is your claim against the California Department of Transportation (Caltrans)?**

If your claim is against Caltrans and the damages are $5,000 or less, you can file your claim directly with Caltrans. Contact your local Caltrans office or visit www.dot.ca.gov to locate a Caltrans office near you. No fee is required for Caltrans claims under $5,000.

*Instructions for filling out this form:*

| | |
|---|---|
| **1** | Provide the full name of the person claiming damage or injury. |
| **2** | Provide a daytime telephone number. |
| **3** | Provide an email address. *(Optional)* |
| **4** | Provide a complete mailing address. |
| **5** | Let us know the best way to contact you if we need to call you. |
| **6** | If the claim is being filed on behalf of a minor (someone under the age of 18), please give the minor's date of birth. |
| **7** | You may wish to consult an attorney for assistance with filing a claim, however it is not required. If an attorney or other person (such as the parent or legal guardian of a minor or conservator of an adult) is representing you, please complete this section. If this section is completed, all correspondence regarding this claim will be sent to the representative. |

**Government Claims Form**
California Victim Compensation and Government Claims Board
P.O. Box 3035
Sacramento, CA 95812-3035

1-800-955-0045 - www.governmentclaims.ca.gov

**State of California**

**For Office Use Only**
Claim No.:

## Is your claim complete?

| | |
|---|---|
| ☐ | **New!** Include a check or money order for $25 payable to the State of California. |
| ☐ | Complete all sections relating to this claim and sign the form. Please print or type all information. |
| ☐ | Attach receipts, bills, estimates or other documents that back up your claim. |
| ☐ | Include two copies of this form and all the attached documents with the original. |

## Claimant Information

**1** Last name: Oglesby   First Name: Jesse   MI: F

**2** Tel:

**3** Email:

**4** Mailing Address:      City:      State:   Zip:

**5** Best time and way to reach you:

**6** Is the claimant under 18?   ☐ Yes   ☒ No   If YES, give date of birth: MM ___ DD ___ YYYY ___

## Attorney or Representative Information

**7** Last name:   First Name:   MI:

**8** Tel:

**9** Email:

**10** Mailing Address:      City:      State:   Zip:

**11** Relationship to claimant:

## Claim Information

**12** Is your claim for a stale-dated warrant (uncashed check) or unredeemed bond?   ☐ Yes   ☒ No

State agency that issued the warrant:

Dollar amount of warrant:       Date of issue:       If NO, continue to Step **13**

Proceed to Step **22**           MM ___ DD ___ YYYY ___

**13** Date of Incident:

Was the incident more than six months ago?
If YES, did you attach a separate sheet with an explanation for the late filing?   ☒ Yes   ☐ No

**14** State agencies or employees against whom this claim is filed:   ☐ Yes   ☒ No

CDCR

**15** Dollar amount of claim: 100.000

If the amount is more than $10,000, indicate the type of civil case:   ☐ Limited civil case ($25,000 or less)   ☐ Non-limited civil case (over $25,000)

Explain how you calculated the amount:

I was given the wrong medication & Hospitalize

**Government Claims Form**
California Victim Compensation and Government Claims Board
P.O. Box 3035
Sacramento, CA 95812-3035

1-800-955-0045 • www.governmentclaims.ca.gov

State of California

For Office Use Only
Claim No.:

## Is your claim complete?

- [ ] *New!* Include a check or money order for $25 payable to the State of California.
- [ ] Complete all sections relating to this claim and sign the form. Please print or type all information.
- [ ] Attach receipts, bills, estimates or other documents that back up your claim.
- [ ] Include two copies of this form and all the attached documents with the original.

## Claimant Information

**1** Last name: Oglesby   First Name: Jesse   MI: F
**2** Tel:
**3** Email:
**4** Mailing Address     City     State   Zip
**5** Best time and way to reach you:
**6** Is the claimant under 18? [ ] Yes [X] No   If YES, give date of birth: MM DD YYYY

## Attorney or Representative Information

**7** Last name   First Name   MI
**8** Tel:
**9** Email:
**10** Mailing Address   City   State   Zip
**11** Relationship to claimant:

## Claim Information

**12** Is your claim for a stale-dated warrant (uncashed check) or unredeemed bond? [ ] Yes [X] No
State agency that issued the warrant:
Dollar amount of warrant:    Date of issue: MM DD YYYY    If NO, continue to Step **13**
Proceed to Step **22**

**13** Date of Incident: MM DD YYYY
Was the incident more than six months ago? [X] Yes [ ] No
**14** If YES, did you attach a separate sheet with an explanation for the late filing? [ ] Yes [X] No
State agencies or employees against whom this claim is filed:

CDCR

**15** Dollar amount of claim: 100,000
If the amount is more than $10,000, indicate the type of civil case: [ ] Limited civil case ($25,000 or less) [ ] Non-limited civil case (over $25,000)
Explain how you calculated the amount:

I was given the wrong medication & hospitalize

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Jesse Frank Oglesby

**2254** **985**

**DEFENDANTS**

McEwen, et al

**FILED**

**DEC 27 2011**

CLERK, US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

FILING FEE PAID
Yes ☐  No ☐

IFP MOTION FILED
Yes ☑  No ☐

COPIES SENT TO
Court ____  ProSe ____

**(b)** County of Residence of First Listed Plaintiff **Los Angeles**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jesse Frank Oglesby
PO Box 4430
Lancaster CA 93539-4430
D-49084

Attorneys (If Known)

**'11 CV 3026 DMS MDD**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
x 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** / **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / x 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

x 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42:1983
Brief description of cause:
Prisoner Civil Rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE
12/27/11

SIGNATURE OF ATTORNEY OF RECORD
SKHoestenbach

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Mr. Jesse Fo Oglesby D-46084
A2.101 L
P.O. Box #4430
Lancaster, Calif. 93539-4430

To: Clerk of US District Court
880 Front Street, Ste. 4290
San Diego, Calif. 92101-8900

State Prison
Generated Mail
A-2



Hasler
Mailed From 93536
US POSTAGE
$05.550



RECEIVED

DEC 27 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY